IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIO ANTWAINE HOLIFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:16-CV-445-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Petitioner Mario Antwaine Holifield ("Holifield") filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which voided for vagueness the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and which applies retroactively to cases on collateral review, *see Welch v. United States*, 136 S. Ct. 1257 (2016). Doc. No. 2.[1] Through counsel,[2] Holifield challenges his designation as an armed career criminal under the ACCA and argues that, after *Johnson*, he no longer has three prior convictions that qualify as ACCA predicates. In particular, Holifield maintains that his two prior Alabama convictions for manslaughter did not qualify as predicate offenses under the ACCA's "elements clause" and that the sentencing court relied on the

---

[1] References to document numbers assigned by the Clerk of Court in this action are designated as "Doc. No." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] Holifield filed his § 2255 motion through this District's Federal Defender Organization.

now-void residual clause to count the manslaughter convictions as violent felonies qualifying him for the ACCA enhancement. He seeks resentencing without application of the ACCA. For the reasons that follow, this court finds that Holifield's § 2255 motion is due to be denied.

## II.  BACKGROUND

### A.  Holifield's Criminal Case

On October 26, 2007, Holifield pled guilty under a plea agreement to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three or more prior convictions for a "violent felony," a "serious drug offense," or both, is subject to an enhanced sentence of not less than fifteen years. 18 U.S.C. § 924(e)(1); *see also Descamps v. United States*, 570 U.S. 254, 258 (2013) (noting the typical statutory maximum sentence and the ACCA's heightened mandatory minimum for § 922(g) convictions).

When Holifield was sentenced, the ACCA provided three definitions of "violent felony." The "elements clause" covered any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The next subsection in the statute contained the other two definitions. *See* 18 U.S.C. § 924(e)(2)(B)(ii). That subsection defined "violent felony" as any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first nine

words made up the "enumerated-offenses clause," and the last fifteen comprised the catchall (and now void) "residual clause." *See, e.g., In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

In Holifield's case, the U.S. Probation Officer stated in the presentence investigation report ("PSI") that Holifield had the requisite number of predicate convictions to subject him to the ACCA enhancement, specifically, the three following prior convictions for "violent felonies," as that term is defined in the ACCA: (1) a 1997 Jefferson County, Alabama conviction for manslaughter (Case No. CC 1996-121); (2) a 2000 Jefferson County, Alabama conviction for manslaughter (Case No. CC 1998-950); and (3) a 2000 Jefferson County, Alabama conviction for second-degree robbery (Case No. CC 1998-346). *See* Doc. No. 9-3 at 5, ¶¶ 11 & 17; *id.* at 13, ¶ 47; *id.* at 6–8, ¶¶ 22, 24 & 25. The Probation Officer did not specify which clause of the ACCA definition of violent felony Holifield's prior convictions fell under. At Holifield's January 17, 2008 sentencing hearing, the district court sentenced him under the ACCA to 175 months in prison.[3] Holifield did not appeal his conviction or sentence.

**B.      Supreme Court's Decision in *Johnson***

In June 2015, over seven years after Holifield was sentenced, the Supreme Court struck the ACCA's residual clause as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites

---

[3] As the result of a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the sentence imposed on Holifield was five months below the ACCA minimum of fifteen years. *See* 18 U.S.C. § 924(e)(1).

3

arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. However, the Court "d[id] not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony." *Id*. at 2563 (alterations added). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

C.  **Holifield's *Johnson* Claim**

On June 15, 2016, Holifield filed this § 2255 motion arguing that his two prior Alabama convictions for manslaughter did not qualify as predicate violent felonies under the ACCA's "elements clause"; that the sentencing court in 2008 relied on the now-void residual clause to count his manslaughter convictions as violent felonies under the ACCA; and that when *Johnson*'s holding is applied to exclude his manslaughter convictions from consideration as violent felonies under the ACCA, he no longer has the minimum number of predicate convictions (three) to qualify as an armed career criminal under 18 U.S.C. § 924(e).[4] Doc. No. 2; *see* Doc. No. 15. Holifield argues specifically that neither subsection of Alabama's manslaughter statute, Ala. Code § 13A-6-3, "has as an element the use, attempted use, or threatened use of [violent] physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). *See* Doc. No. 2 at 9. Both subsections, Holifield says, use the term "causes the death of," which he argues does not require the use of violent physical force. *Id*. Holifield further argues that one subsection of the manslaughter statute, § 13A-6-3(a)(1), can be satisfied by a mens rea of recklessness and that a conviction under this

---

[4] Holifield does not challenge the sentencing court's reliance upon his Alabama conviction for second-degree robbery to enhance his sentence.

4

subsection would not qualify as a violent felony under the ACCA's elements clause, because to qualify as a violent felony under the elements clause, a conviction must be predicated on the *intentional* use of physical force. *Id.; see* Doc. No. 15 at 11–17 (citing *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010)).

In its response to Holifield's § 2255 motion, the Government argues that in light of the Supreme Court's decision in *Voisine v. United States*, 136 S.Ct. 2272 (2016), a conviction predicated on a mens rea of recklessness can have "as an element the use, attempted use, or threatened use of violent physical force against the person of another" such that it qualifies as a violent felony under the ACCA's elements clause. Doc. No. 18 U.S.C. § 924(e)(2)(B)(i). Thus, the Government maintains that even if Holifield's manslaughter convictions were under the subsection of the statute with a mens rea of recklessness, those convictions were violent felonies under the ACCA's elements clause. *Id.* at 14–20. Alternatively, the Government argues that Holifield does not prove which subsection of the Alabama manslaughter statute he was convicted under and that a conviction under one subsection of that statute, Ala. Code. § 13A-6-3(a)(2) is necessarily predicated on intentional conduct that qualifies as a violent felony under the elements clause. *Id.* at 20–23. The Government then asks that it be permitted to present *Shepard* documents[5] to establish that Holifield's manslaughter convictions were under § 13A-6-3(a)(2). *Id.* at 21–23.

D.  **Eleventh Circuit's Intervening Decision in *Beeman***

After the parties filed their pleadings in this case, the Eleventh Circuit decided

---

[5] *See Shepard v. United States*, 544 U.S. 13, 16 (2005).

5

*Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017). In *Beeman*, the Eleventh Circuit held that a § 2255 movant bears the burden of proving a *Johnson* claim, stating:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

871 F.3d at 1221 (internal footnote and citation omitted). Because the "burden of proof and persuasion" was "critical" to its decision, the Eleventh Circuit in *Beeman* elaborated that, "[t]o prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at 1221–22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

The Eleventh Circuit in *Beeman* emphasized that the movant must prove a "historical fact"—namely, that at the time of sentencing, the defendant was "sentenced solely per the residual clause." *Id.* at 1224 n.5. The Eleventh Circuit has explained that, under *Beeman*, "[t]o determine this 'historical fact,'" the § 2255 court "look[s] first to the record" and, if the record is not determinative, "to the case law at the time of sentencing." *United States v. Pickett*, 916 F.3d 960, 963 (11th Cir. 2019). "Sometimes the answer will

6

be clear—'[s]ome sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential.'" *Id*. (quoting *Beeman*, 871 F.3d at 1224 n.4). The court "might also look elsewhere in the record, to a PSI, for example, to find 'circumstantial evidence.'" *Id*. at 963–64 (quoting *Beeman*, 871 F.3d at 1224 n.4).

As discussed below, Holifield cannot show that his ACCA enhancement "turned on the validity of the residual clause." *Beeman*, 871 F.3d at 1221. Therefore, his § 2255 motion and claim for relief under *Johnson* collapse under the weight of the Eleventh Circuit's decision in *Beeman*.

### III. DISCUSSION

**A.      Categorical and Modified Categorical Analyses of Prior Convictions**

The Supreme Court in *Johnson* held the ACCA's residual clause to be unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 135 S.Ct. at 2557–58. The Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause[6] and the enumerated-offenses clause of the ACCA's definition of a violent felony. *Id*.

To determine whether a prior conviction qualifies as a violent felony under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), courts are to employ a "categorical approach" and compare the elements of the statute forming the basis of the defendant's

---

[6] Manslaughter is not listed in the ACCA's enumerated-offenses clause, and no argument is made in Holifield's case that his manslaughter convictions were violent felonies under the enumerated-offenses clause.

7

conviction and the elements of the generic offense. *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute requires the government to prove as an element of the offense the use, attempted use, or threatened use of physical force, then the offense categorically qualifies as a violent felony. *United States v. Davis*, 875 F.3d 592, 596 (11th Cir. 2017); *see* 18 U.S.C. § 924(e)(2)(B)(i). Under the categorical approach, courts are to presume that a conviction rested upon nothing more than the least of the acts criminalized under the statute. *United States v. Estrella*, 758 F.3d 1239, 1254 (11th Cir. 2014).

The Supreme Court has also adopted a "modified categorical approach" for a sentencing court to use to decide whether an ACCA enhancement applies when the defendant was convicted under a divisible statute—i.e., a statute that sets out one or more elements of the offense in the alternative. *Descamps*, 570 U.S. at 257. A statute is not divisible if it merely lists diverse means of satisfying a single element of a single crime, in which case a jury need not find any particular item. *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). The central distinction is between alternative elements of a crime and alternative facts. *Id.* at 2248. In examining whether a statute contains alternative elements, a court may look at state court decisions, the statute itself, the indictment, and jury instructions. *Id*. at 2256–57.

To determine the nature of a prior conviction under the modified categorical approach, a court is limited to considering the statutory definition of the offense of the conviction, the charging document, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *Shepard v. United States*, 544 U.S. 13, 16, (2005). A court also may consider undisputed

facts found in the PSI and any addendum. *United States v. Ramirez-Flores*, 743 F.3d 816, 823 (11th Cir. 2016); *United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006).

**B.     Holifield's Alabama Manslaughter Convictions**

The Alabama statute defining manslaughter, Ala. Code § 13A-6-3, provides:

> (a) A person commits the crime of manslaughter if:
>
> > (1) He recklessly causes the death of another person.
> >
> > (2) He causes the death of another person under circumstances that would constitute murder under Section 13A-6-2; except that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself.
>
> (b) Manslaughter is a Class B felony.

Ala. Code § 13A-6-3.[7] Alabama's manslaughter statute is divisible because, on its face, the statute sets out elements of the offense in the alternative—i.e., the statute lists "separate crimes," one set out in § 13A-6-3(a)(1) and the other set out in § 13A-6-3(a)(2).

Section 13A-6-3(a)(2) of the manslaughter statute incorporates the elements of the Alabama statute defining murder, Ala. Code § 13A-6-2, which in pertinent part provides:

> (a)  A person commits the crime of murder if:
>
> > (1)  With intent to cause the death of another person, he causes the death of that person or of another person; or
> >
> > (2)  Under circumstances manifesting extreme indifference to human life, he engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person; or
> >
> > (3)  He commits or attempts to commit arson in the first degree, burglary in the first or second degree, escape in the first degree,

---

[7] The version of Ala. Code § 13A-6-3 in effect when Holifield committed the acts underlying his 1997 and 2000 manslaughter convictions is identical to the version currently in effect.

>kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree or any other felony clearly dangerous to human life and, in the course of and in furtherance of the crime that he is committing or attempting to commit, or in immediate flight therefrom, he, or another participant if there be any, causes the death of any person.
>
>(b) A person does not commit murder under subdivisions (a)(1) or (a)(2) of this section if he was moved to act by a sudden heat of passion caused by provocation recognized by law, and before there had been a reasonable time for the passion to cool and for reason to reassert itself. The burden of injecting the issue of killing under legal provocation is on the defendant, but this does not shift the burden of proof. This subsection does not apply to a prosecution for, or preclude a conviction of, manslaughter or other crime.
>
>(c) Murder is a Class A felony[.]

Ala. Code § 13A-6-2.[8] Alabama's murder statute is divisible. The face of the statute lists three separate crimes," one set out in § 13A-6-2(a)(1), another set out in § 13A-6-2(a)(2), and another set out in § 13A-6-2(a)(3).[9]

Thus, § 13A-6-3(a)(2), in incorporating § 13A-6-2(a)(1), sets forth an offense of manslaughter where a person, [w]ith intent to cause the death of another person, . . . causes the death of that person or of another person; except that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself." As noted, the ACCA's elements clause defines a violent felony as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

---

[8] This Recommendation quotes the version of Ala. Code § 13A-6-2 in effect when Holifield committed the acts underlying his 1997 and 2000 manslaughter convictions. Section 13A-6-2 was amended in 2005, and again in 2016, in ways that are immaterial to the issues in Holifield's case.

[9] The current Alabama murder statute sets out another separate crime in Ala. Code § 13A-6-2(a)(4) (2016).

For purposes of the elements clause, "the phrase 'physical force' means *violent* force—that is, force capable of causing pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Causing the death of another person with intent to cause that death is necessarily the use of violent force—that is, force causing physical pain or injury to another person. That the act is done in a sudden heat of passion does not render the use of force less than intentional. *See, e.g., United States v. Jackson*, 655 F. App'x 290, 292–93 (6th Cir. 2016) (classifying as a violent felony under the ACCA's elements clause a conviction under Georgia's voluntary manslaughter statute, Ga. Code Ann. § 16-5-2(a), providing that "[a] person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person"); *United States v. Bouziden*, 725 F. App'x 653, 658 (10th Cir.), *cert. denied*, 139 S.Ct. 207 (2018) (same regarding conviction under Oklahoma "heat of passion" manslaughter statute); *United States v. Smith*, 882 F.3d 460, 463 (4th Cir.), *cert. denied*, 138 S. Ct. 2692 (2018) (same regarding conviction under North Carolina law construing voluntary manslaughter as occurring when one kills intentionally but does so in the heat of passion suddenly aroused by adequate provocation or in the exercise of self-defense where excessive force is utilized or the defendant is the aggressor); *Banks v. United States*, 2018 WL 1954840, at *7–8 (W.D. Tenn. 2018), *aff'd*, 773 F. App'x 814 (6th Cir. 2019) (same regarding conviction under Tennessee voluntary manslaughter statute similar to Georgia's); *Walls v. United States*, 2017 WL 4770923, at *2 (6th Cir. 2017) (same regarding conviction under

Tennessee voluntary manslaughter statute); *United States v. Montes*, 2017 WL 3206338, at *10–13 (D.N.M. May 22, 2017), *report and recommendation adopted*, 2017 WL 4338601 (D.N.M. Sept. 29, 2017) (same regarding New Mexico voluntary manslaughter statute).

Consistent with the numerous courts that have found convictions under similar manslaughter statutes to qualify as violent felonies under the ACCA's elements clause, this court likewise finds that a conviction under § 13A-6-3(a)(2) of Alabama's manslaughter statute qualified (and qualifies) as a violent felony under the ACCA's elements clause. The offense "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and it requires the intentional use of force. Holifield, therefore, might seek to fall back on his argument that his manslaughter convictions may have been obtained under § 13A-6-3(a)(1) of the manslaughter statute, which can be satisfied by a mens rea of recklessness, and that a conviction under this subsection does not qualify as a violent felony under the ACCA's elements clause because only convictions predicated on the *intentional* use of physical force may qualify under the elements clause. In making this argument, Holifield relies on the Eleventh Circuit's holding in *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), "that a conviction predicated on a mens rea of recklessness does not satisfy the 'use of physical force' requirement under [United States Sentencing Guidelines] § 2L1.2's definition of 'crime of violence.'" 606 F.3d at 1336; *see United States v. Vail-Bailon*, 868 F.3d 1293, 1298 n.8 (11th Cir. 2017) (noting that cases interpreting the Sentencing Guidelines and the ACCA are "relevant" to one another).

The Government, however, maintains that *Palomino Garcia* has been effectively

overruled by the more recent decision in *Voisine v. United States*, 136 S.Ct. 2272 (2016), where the Supreme Court held that misdemeanor assault convictions for reckless (as contrasted to knowing or intentional) conduct trigger the statutory firearms ban in 18 U.S.C. § 922(g)(9). The statute at issue in *Voisine* provided that a "misdemeanor crime of domestic violence" included a misdemeanor under federal, state, or tribal law, committed by a person with a specified domestic relationship with the victim, that "has as an element, the use or attempted use of physical force." 136 S. Ct. at 2276.

This court need not address the parties' arguments regarding *Palomino Garcia* and *Voisine* if the application of *Beeman* will render unnecessary a resolution of the issues at play in those decisions.[10] That is, this court must determine if Holifield has demonstrated that, more likely than not, the sentencing court in 2008 relied solely on the ACCA's residual clause to qualify his Alabama manslaughter convictions as violent felonies. *Beeman*, 871 F.3d at 1221. Because Alabama's manslaughter statute is divisible, use of the modified categorical approach would be appropriate for determining if Holifield's

---

[10] This court notes that on April 4, 2019, the Eleventh Circuit decided *United States v. Moss*, 920 F.3d 752 (11th Cir. 2019), in which the court held that for a conviction to qualify as a predicate offense under the ACCA, it must require intentional, not reckless, use of force. *Id*. at 759. On July 15, 2019, however, the Eleventh Circuit vacated its panel opinion in *Moss* and ordered that the case be reheard en banc. *United States v. Moss*, 928 F.3d 1340 (11th Cir. 2019). The Eleventh Circuit's ensuing memorandum to the parties advised counsel for the parties to focus their briefs on the following issue:

> In light of the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), does a conviction predicated on a mens rea of recklessness have "as an element the use, attempted use, or threatened use of physical force against the person of another" such that it qualifies as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i)? And to what extent does that analysis affect *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010)?

Memorandum to Counsel or Parties, Appeal No. 17-10473-U.

13

manslaughter convictions were obtained under § 13A-6-3(a)(1) or under § 13A-6-3(a)(2). Because, as previously discussed, a conviction under § 13A-6-3(a)(2) qualified as a violent felony under the ACCA's elements clause, if Holifield cannot show that his manslaughter convictions were *not* obtained under § 13A-6-3(a)(2), he cannot hope to show that, more likely than not, the sentencing court relied solely on the now-void residual clause to count his manslaughter convictions as violent felonies. Holifield does not make such a showing.

The silence of the record on the question of which of the "separate crimes" listed in Ala. Code § 13A-6-3 Holifield was convicted of in his prior Alabama manslaughter convictions precludes a showing by Holifield that his ACCA enhancement "turned on the validity of the residual clause." *Beeman*, 871 F.3d at 1221. A transcript of Holifield's sentencing hearing is not in the record. Nor does the record contain any copies of the indictments, plea agreements, guilty plea hearings, or sentencing orders from the state court proceedings related to Holifield's manslaughter convictions. Holifield's PSI does contain limited statements regarding the two manslaughter convictions, with the information about one of those convictions being somewhat more telling. Regarding Holifield's 1997 Alabama conviction for manslaughter in Case No. CC 1996-121, the PSI states that in November 1995, Holifield "intentionally caused the death of [the victim] by shooting him with a pistol, said death being caused in a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself, in violation of Section 13A-6-3(B) [sic] of the Code of Alabama, 1975." Doc. No. 9-3 at 6, ¶ 22. This information suggests that Holifield's 1997 manslaughter conviction was obtained under § 13A-6-3(a)(2). However, it is not clear if the statements

in the PSI quote from the indictment in Case No. CC 1996-121 or summarize Holifield's guilty plea proceedings in that case.

Regarding Holifield's 2000 Alabama conviction for manslaughter in Case No. CC 1998-950, the PSI states that Holifield was originally charged with murder in the case and that, according to the indictment in the case, in February 1998 Holifield "intentionally caused the death of another person, [the victim], by shooting her with a firearm in violation of Section 13A-6-2 of the Code of Alabama, 1975." Doc. No. 9-3 at 8, ¶ 25. The PSI further states, "Complete court records for this convictions were not received from the Jefferson County Circuit Court. Once these records are received, further details will be provided." *Id*. Thus, there is no information in the PSI establishing which subsection of § 13A-6-3 was convicted under.

Under these circumstances, nothing in the record demonstrates that the sentencing court in 2008 relied on the ACCA's residual clause—either solely or partially—to find that Holifield's two Alabama manslaughter convictions were violent felonies for purposes of the ACCA. Although Holifield argues that, prior to his sentencing, numerous appellate courts had held manslaughter to qualify as a violent felony under the ACCA's residual clause (*see* Doc. No. 2 at 8), the cases Holifield cites in this regard either involve convictions for involuntary manslaughter (which requires no intent to kill or injure) or, in one instance, a conviction under a state statute that does not distinguish between involuntary and voluntary manslaughter.[11] Holifield does not cite to a decision by the

---

[11] *See United States v. Walter*, 434 F.3d 30 (1st Cir. 2006); *United States v. Williams*, 67 F.3d 527 (4th Cir. 1995); *United States v. Zabawa*, 134 F. App'x 60 (6th Cir. 2005); *United States v. Leeper*, 964 F.2d 751 (8th Cir. 1992); *United States v. O'Neal*, 937 F.2d 1369 (9th Cir. 1990).

15

Eleventh Circuit or any district court in this circuit holding that a conviction for manslaughter under Ala. Code § 13A-6-3(a)(2) or a similar heat-of-passion manslaughter statute would be considered a violent felony only under the ACCA's residual clause.

Because Holifield fails to show, as required by *Beeman*, that the sentencing court more likely than not relied solely on the ACCA's residual clause to count his manslaughter convictions as violent felonies qualifying him for ACCA enhancement, Holifield's *Johnson* claim as to these two convictions fails. *See Beeman*, 871 F.3d at 1221–22. A movant cannot sustain his burden under *Johnson* by demonstrating that it is "merely possible that the court relied on [the residual clause] to enhance the sentence." *Beeman*, 871 F.3d at 1221. Here, the record is unclear, and "'where . . . the evidence does not clearly explain what happened[,] . . . the party with the burden loses.'" *Id*. at 1225. That party is Holifield.

## C. Holifield's Alabama Conviction for Second-Degree Robbery

Holifield does not argue that his 2000 Alabama conviction for second-degree robbery should not have counted as a predicate violent felony for purposes of the ACCA. In any event, such an argument would be foreclosed by decisions of the Eleventh Circuit Court of Appeals. In *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018), the Eleventh Circuit held that first-degree robbery in Alabama is categorically a violent felony under the ACCA's elements clause. *See also Stokeling v. United States*, 139 S. Ct. 544, 555 (2019) (holding that Florida robbery was a "violent felony" under the ACCA's elements clause even though the Florida statute only required force sufficient to overcome the victim's resistance). And recently, in *United States v. Hunt*, 2019 WL 3814437 (11th Cir. Aug. 14,

2019), the Eleventh Circuit, "based on *Welch* (and, to a lesser degree, *Stokeling*)," held that convictions for second- and third-degree robbery in Alabama categorically qualify as violent felonies under the ACCA's elements clause, because "Alabama's statutory scheme utilizes the same use-of-force element for all three degrees of robbery." *Hunt*, 2019 WL 3814437, at *1.

The District Court for the Northern District of Alabama has observed that the Eleventh Circuit's decision in *Welch* represents not only the current state of the law, but also the previous state of the law, and that "*Welch* merely resolved" any ambiguity in the law as to whether "prior convictions for Alabama robbery would have been considered under the elements clause of the ACCA, the residual clause, or possibly both." *Player v. United States*, 2018 WL 6019462, at *4 (N.D. Ala. Nov. 16, 2018). *See McCaa v. United States*, 2019 WL 440587, at *1 (M.D. Ala. Feb. 4, 2019) (citing *Player*). The court finds no authority for concluding that the applicable law when Holifield was sentenced in 2008 was that an Alabama second-degree robbery conviction could only be considered for enhancement under the residual clause of the ACCA. Holifield, therefore, cannot satisfy his burden of proving that, more likely than not, the sentencing court relied upon the residual clause to count his Alabama second-degree robbery conviction as a violent felony. *Beeman*, 871 F.3d at 1221–22.

For the reasons discussed above, this court finds that Holifield had three qualifying ACCA enhancement-triggering prior convictions—his two Alabama manslaughter convictions and his Alabama conviction for second-degree robbery—all of which qualified under the ACCA's elements clause. Because Holifield had three prior convictions that

qualified as ACCA predicates, his *Johnson* claim fails and he is not entitled to resentencing.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner Mario Antwaine Holifield's § 2255 motion (Doc. No. 2) be DENIED and this action be DISMISSED WITH PREJUDICE.

It is further

ORDERED that on or before October 25, 2019, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. Failure to file a written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE, on this the 10th day of October, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge